UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 18-8087-AG (KK)** | Date: | September 27, 2019 |
| Title: | *Michael M.[1] v. Andrew Saul, Commissioner of Social Security[2]* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why Action Should Not Be Dismissed For Failure to Prosecute and Comply With Court Orders

## I.
## BACKGROUND

On September 18, 2018, Plaintiff Michael M. ("Plaintiff") filed a Complaint challenging the decision of the Commissioner of Social Security pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)) and 28 U.S.C. § 1361. ECF Docket No. ("Dkt.") 1.

On January 8, 2019, the Court issued an Order to Show Cause why the action should not be dismissed for failure to prosecute and comply with Court orders because Plaintiff had not timely filed a proof of service of the Complaint. Dkt. 8. On January 22, 2019, Plaintiff filed a Response requesting an extension of time to serve the Complaint. Dkt. 9. On January 23, 2019, the Court granted Plaintiff an extension until March 8, 2019 to serve the Complaint and vacated the January 8, 2019 Order to Show Cause. Dkt. 10. On March 6, 2019, Plaintiff filed a proof of service. Dkt. 13.

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] The Court substitutes Andrew Saul, Commissioner of Social Security as Defendant in this action. Fed. R. Civ. P. 25(d).

On June 3, 2019, the Court issued an Order Granting Defendant's Ex Parte Application to Modify the Case Management Order. Dkt. 17. Plaintiff was instructed to file a motion for summary judgment by July 11, 2019. Id. at 2.

On July 19, 2019, the Court issued an Order to Show Cause why the action should not be dismissed for failure to prosecute and comply with Court orders because Plaintiff had not filed a motion for summary judgment. Dkt. 20. On August 7, 2019, Plaintiff filed a Response requesting an extension of time to file a motion for summary judgment. Dkt. 21. On August 26, 2019, the Court granted Plaintiff's request for an extension of time to file a motion for summary judgment until September 26, 2019 and vacated the July 19, 2019 Order to Show Cause. Dkt. 23.

As of the date of this Order, Plaintiff has not filed motion for summary judgment.

## II.
## DISCUSSION

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss an action with prejudice for failure to prosecute or failure to comply with any court order. See Fed. R. Civ. P. 41(b).

Here, Plaintiff has failed to file a motion for summary judgment, and thus failed to comply with the Court's June 3, 2019 Order. Consequently, under Rule 41(b), the Court may properly dismiss the instant action with prejudice for failure to prosecute and comply with a court order. Before dismissing this action, however, the Court will afford Plaintiff an opportunity to explain his failure to file a motion for summary judgment.

## III.
## ORDER

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, why this action should not be dismissed for failure to prosecute and/or comply with court orders. Plaintiff shall have up to and including **October 11, 2019**, to respond to this Order. **Plaintiff is cautioned that failure to timely file a response to this Order will be deemed by the Court consent to the dismissal of this action with prejudice.**

**IT IS SO ORDERED.**